**UNITED STATE DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| NATHAN HICE, | : | Case No. 1:15-cv-534 |
| | : | |
| Plaintiff, | : | |
| | : | Judge Beckwith |
| v. | : | |
| | : | |
| THE DAVID J. JOSEPH COMPANY, | : | **DEFENDANT'S ANSWER** |
| | : | |
| Defendant. | : | |

NOW COMES Defendant The David J. Joseph Company and for its Answer to the Complaint states as follows:

Defendant admits that this action purports to allege a violation of the FMLA and wrongful discharge but Defendant denies the remaining allegations in the Introduction paragraph of the Complaint.

Defendant admits that it conducts business in this district and that venue is appropriate. Defendant denies the remaining allegations in the Jurisdiction and Venue paragraph of the Complaint.

1. Upon information and belief, Defendant admits that Plaintiff is a resident of Hamilton County, but denies the remaining allegations in paragraph 1 of the Complaint.

2. Defendant admits the allegations in paragraph 2 of the Complaint.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and on that basis denies the allegations in paragraph 3 of the Complaint.

4.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and on that basis denies the allegations in paragraph 4 of the Complaint.

5.     Defendant admits that Plaintiff was employed as a brokerage representative and he voluntarily resigned in 2011.  Defendant denies the remaining allegations in paragraph 5 of the Complaint.

6.     Defendant admits that it rehired Plaintiff on September 26, 2011 in the position of Nonferrous Brokerage Representative and that Mark Bonner was his direct supervisor. Defendant denies the remaining allegations in paragraph 6 of the Complaint.

7.     Defendant denies the allegations in paragraph 7 of the Complaint.

8.     Defendant denies the allegations in paragraph 8 of the Complaint.

9.     Defendant denies the allegations in paragraph 9 of the Complaint.

10.     Defendant admits that Sarah Jahnke is the sister of Terry Rath's wife, Kate. Defendant admits that Terry Rath told plaintiff that Plaintiff's dating Jahnke was no problem and was his personal life.  Defendant denies the remaining allegations in paragraph 10 of the Complaint.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and on that basis denies the allegations in paragraph 11 of the Complaint.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and on that basis denies the allegations in paragraph 12 of the Complaint.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and on that basis denies the allegations in paragraph 13 of the Complaint.

14.     Defendant denies the allegations in paragraph 14 of the Complaint.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and on that basis denies the allegations in paragraph 15 of the Complaint.

16.     Defendant denies the allegations in paragraph 16 of the Complaint.

17.     Defendant denies the allegations in paragraph 17 of the Complaint.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and on that basis denies the allegations in paragraph 18 of the Complaint.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and on that basis denies the allegations in paragraph 19 of the Complaint.

20.     Defendant admits that Plaintiff sent an e-mail to Mark Bonner late in the day but denies the remaining allegations in paragraph 20 of the Complaint.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and on that basis denies the allegations in paragraph 21 of the Complaint.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and on that basis denies the allegations in paragraph 22 of the Complaint.

23.     Defendant admits the allegations in paragraph 23 of the Complaint.

24.     Defendant admits that Plaintiff met with Karen Luther and Mark Bonner on August 26, 2013, that they discussed safety, and that Ms. Luther was supportive, asked what Ms. Jahnke's car looked like and discussed locking the building.  Defendant denies the remaining allegations in paragraph 24 of the Complaint.

25.     Defendant denies that Plaintiff was uninformed about his rights under the FMLA.

26.     Defendant admits that on August 27, 2013, Plaintiff was instructed to go to a conference room to meet with Mr. Rath, Ms. Luther and Mr. Bonner.  Defendant denies the remaining allegations in paragraph 26 of the Complaint.

27.     Defendant admits that later that day Mr. Bonner and Ms. Luther met with Plaintiff and told him that he was being terminated.  Defendant denies the remaining allegations in paragraph 27 of the Complaint.

28.     Defendant admits they required Plaintiff to return the company vehicle and told him there was a cab waiting outside.  Defendant admits that they required Plaintiff to temporarily return the company phone to them and that he was escorted out of the building.  Defendant denies the remaining allegations in paragraph 28 of the Complaint.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and on that basis denies the allegations in paragraph 29 of the Complaint.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and on that basis denies the allegations in paragraph 30 of the Complaint.

31.     Defendant incorporates its responses to paragraphs 1 through 30 in response to paragraph 31 of the Complaint.

32.     Defendant denies the allegations in paragraph 32 of the Complaint.

33.     Defendant denies the allegations in paragraph 33 of the Complaint.

34.     Defendant denies the allegations in paragraph 34 of the Complaint.

35.     Defendant denies the allegations in paragraph 35 of the Complaint.

36.     Defendant denies the allegations in paragraph 36 of the Complaint.

37.     Defendant denies the allegations in paragraph 37 of the Complaint.

38.     Defendant denies the allegations in paragraph 38 of the Complaint.

39.     Defendant incorporates its responses to paragraphs 1 through 38 in response to paragraph 39 of the Complaint.

40.     Paragraph 40 states a legal conclusion that does not require a response.  To the extent it contains any factual allegations or otherwise requires a response, Defendant denies the allegations in paragraph 40 of the Complaint.

41.     Defendant denies the allegations in paragraph 41 of the Complaint.

42.     Defendant denies the allegations in paragraph 42 of the Complaint.

43.     Defendant denies the allegations in paragraph 43 of the Complaint.

44.     Defendant denies the allegations in paragraph 44 of the Complaint.

45.     Defendant denies the allegations in the Prayer for Relief and Wherefore paragraphs of the Complaint and specifically denies that Plaintiff is entitled to any of the relief sought.

46.     Defendant denies each and every allegation not specifically admitted herein.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted.

## SECOND DEFENSE

Plaintiff has failed to mitigate his damages, if any.

## THIRD DEFENSE

Plaintiff's claim is barred, in whole or in part, because there was an overriding legitimate business justification for Defendant's decision.

## FOURTH DEFENSE

Plaintiff's claim fails, in whole or in part, because Defendant treated Plaintiff lawfully and in good faith compliance with all applicable rules, regulations, and laws.

## FIFTH DEFENSE

Pleading in the alternative, to the extent that Plaintiff is able to prove to the satisfaction of the trier-of-fact that any improper motive was a factor in relevant employment decisions, Defendant would have made the same employment decisions regarding Plaintiff regardless of any alleged improper motive.

## SIXTH DEFENSE

Plaintiff's claim is barred, in whole or in part, by the doctrines of waiver, estoppel, laches, release and/or unclean hands.

## SEVENTH DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that the amount sought may violate substantive and procedural safeguards guaranteed to Defendant by the United States and Ohio constitutions. Plaintiff's claim for punitive damages is further barred to the extent that the imposition of such damages is not rationally related to, or is grossly excessive in relation to, legitimate federal and state interests. Regardless, Defendant has made good faith efforts to comply with the law, thereby precluding recovery of such damages.

**EIGHTH DEFENSE**

To the extent Plaintiff suffered any damages or losses for which he seeks to hold Defendant responsible, those damages or losses were caused in whole or in part by Plaintiff's own acts, conduct, or omissions or the acts, conduct or omissions of third parties.

**NINTH DEFENSE**

Plaintiff's claim for damages must be reduced or dismissed because after-acquired evidence demonstrates that Plaintiff engaged in conduct which would have otherwise resulted in his termination, including Plaintiff's failure to pay for personal expenses placed on Defendant's credit card and failure to return Defendant's property, including Defendant's I-Pad and cell phone.

**TENTH DEFENSE**

Although no unlawful retaliation or interference occurred, any alleged unlawful actions were contrary to Defendant's good faith efforts to comply with state and federal laws. Moreover, any technical failure to comply with the FMLA did not result in any adverse consequences for Plaintiff.

**ELEVENTH DEFENSE**

Plaintiff's Complaint must be dismissed to the extent his claims are barred, in whole or in part, by the applicable statute of limitations.

**TWELFTH DEFENSE**

Plaintiff's claims are barred by res judicata, collateral estoppel and failure to continue to maintain as a compulsory claim/counterclaim in prior litigation.

## THIRTEENTH DEFENSE

Defendant reserves the right to assert such other defenses and affirmative defenses as may arise during the course of this litigation.

WHEREFORE, having fully answered, Defendant requests that Plaintiff's Complaint be dismissed in its entirety with prejudice and that Defendant be awarded costs herein expended, including reasonable attorney's fees, and such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Patricia Anderson Pryor*
Patricia Anderson Pryor (0069545)
pryorp@jacksonlewis.com
Jamie M. Goetz-Anderson (0083562)
jamie.goetz-anderson@jacksonlewis.com
Jackson Lewis P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, OH 45202
Telephone: (513) 898-0050
Facsimile:  (513) 898-0051

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was electronically filed on October 13, 2015, with the Court's CM/EFS system and such system will send electronic notice to counsel of record.

*/s/ Patricia Anderson Pryor*
Patricia Anderson Pryor

4852-4080-2600, v. 1