# UNITED STATE DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| NATHAN HICE, | : | Case No. 1:15-cv-534 |
| | : | |
| Plaintiff, | : | |
| | : | Judge Beckwith |
| v. | : | |
| | : | **DEFENDANT'S MEMORANDUM IN** |
| THE DAVID J. JOSEPH COMPANY, | : | **OPPOSITION TO PLAINTIFF'S** |
| | : | **MOTION TO EXTEND TIME TO** |
| Defendant. | : | **RESPOND TO DEFENDANT'S** |
| | : | **MOTION FOR SUMMARY** |
| | : | **JUDGMENT** |

Defendant The David J. Joseph Company ("DJJ" or "Defendant") respectfully requests that the Court deny Plaintiff's second Motion to Extend Time to Respond to Defendant's Motion for Summary Judgment ("Plaintiff's Motion to Extend"). Plaintiff has already received a nearly three-week extension to respond to Defendant's Motion for Summary Judgment, purportedly due to counsel's busy practice and the holidays. Plaintiff's latest Motion to Extend amounts to a Rule 56(d) request for additional time so that Plaintiff can conduct multiple out-of-state depositions of witnesses who have, at best, a tangential relationship to this case, and whose testimony will not be material to the resolution of the pending dispositive motion. Because Plaintiff has not satisfied either the procedural or the substantive requirements of Rule 56(d), however, his Motion to Extend must be denied.

Plaintiff failed to submit an affidavit or declaration supporting his request for additional time, as required by Rule 56(d). Notwithstanding that procedural defect, Plaintiff's Motion to Extend must nonetheless be denied because *the discovery that Plaintiff seeks to complete will have no bearing on the outcome of DJJ's Motion for Summary Judgment*. Plaintiff's claims

were compulsory counterclaims in the State Court Action, and therefore Plaintiff is barred from asserting them in this (or any other) subsequent litigation – and no amount of discovery will change that fact. Furthermore, even if Plaintiff's claims were not barred, they nonetheless fail as a matter of law and Plaintiff cannot prevail on his wrongful termination or FMLA claims, regardless of whether *some* of the customers he previously serviced testify that he was or was not sufficiently responsive to them.

Finally, Plaintiff's Motion to Extend must be denied because he can offer no reasonable explanation for why he did not or could not previously conduct the discovery that he now seeks. Plaintiff had a full period for discovery in the State Court Action, and this action has now been pending for five months. In all that time, Plaintiff never attempted to schedule the depositions of the customers identified in Plaintiff's Motion to Extend, and Plaintiff did not request this additional extension until the day that his opposition to DJJ's Motion for Summary Judgment was due (after already receiving one lengthy extension). Because Plaintiff has had ample opportunity to conduct any necessary discovery relating to this dispute, and can offer no reasonable justification for his failure to do so, his Motion to Extend is without merit.

Plaintiff's Motion to Extend must be denied, and summary judgment is proper.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

As described more thoroughly in DJJ's Motion for Summary Judgment, Plaintiff's claims arise from his August 2013 termination from DJJ. (*See* DJJ's Motion for Summary Judgment, Doc. 16) Plaintiff originally filed a lawsuit against DJJ relating to his termination in the Hamilton County, Ohio Court of Common Pleas in February 2014. In the months and months that followed, the parties conducted written discovery, exchanged documents, and took depositions. At the end of the discovery period in the State Court Action, on December 30,

2014, DJJ filed a motion for summary judgment.  In response to DJJ's motion for summary judgment, Plaintiff unilaterally dismissed his claim against DJJ.[1]  Approximately five months later, on August 14, 2015, Plaintiff filed the instant lawsuit against DJJ, alleging claims for wrongful termination (the same claim that had been pled and dismissed in the State Court Action) and FMLA interference/retaliation.  (*See* Complaint)

On December 7, 2015, DJJ filed its Motion for Summary Judgment in this action.  A few days later, Plaintiff filed a motion seeking to extend the deadline to respond to DJJ's Motion for Summary Judgment nearly three weeks to January 18.  (*See* Doc. 17)  Notably, Plaintiff did *not* claim to need additional time to conduct discovery, but rather sought the extension on the basis that "Plaintiff's counsel has a busy practice and will be unavailable during the holidays."  (*See id*)  As a courtesy, DJJ did not oppose Plaintiff's motion, and the Court granted the motion and extended Plaintiff's deadline to respond until January 18.  On January 18, however, rather than file a response to DJJ's Motion for Summary Judgment, Plaintiff filed *another* request to extend his deadline for responding, this time to March 1.  (*See* Plaintiff's Motion to Extend, Doc. 21)  In his most recent Motion to Extend, Plaintiff alleges for the first time that he needs additional time to depose ***some*** of the customers with whom Plaintiff previously worked, who are located across the country. Plaintiff offers no explanation for why he has not (or could not) depose these customers in the nearly two years since Plaintiff commenced his litigation against DJJ.  (*See id.*)

## II.  ARGUMENT

Pursuant to Rule 56(d), the Court may defer consideration of a summary judgment motion only if "a nonmovant shows by affidavit or declaration that, for specified reasons, it

---

[1] DJJ also moved for summary judgment on its counterclaims against Plaintiff.  The Court of Common Pleas granted DJJ's motion, and on March 30, 2015, entered judgment in favor of DJJ in the amount of $1,904.00, plus interest and costs.  Plaintiff did not appeal, and has yet to satisfy that judgment.

cannot present facts essential to justify its opposition . . ..." Fed. R. Civ. P. 56(d). The party seeking additional discovery bears the burden of demonstrating his entitlement to additional time for discovery. *Sherrod v. Enigma Software Grp. USA, LLC*, 2014 U.S. Dist. Lexis 10275, at *7-8 (S.D. Ohio Jan. 28, 2014). In his Rule 56(d) affidavit or declaration, "the non-movant must detail with specificity the additional discovery needed, what material facts may be uncovered, and why the information has not been previously discovered." *See Nalco Co. v. AP Tech Group, Inc.,* 2015 U.S. Dist. Lexis 97597, at **30-31 (S.D. Ohio July 27, 2015); *see also Cacevic v. City of Hazel Park,* 226 F.3d 482, 488 (6th Cir. 2000) (same). "The importance of complying with Rule 56(d) cannot be over-emphasized," and a non-movant cannot satisfy his burden under the rule by making "general and conclusory statements regarding the need for more discovery." *See Whiteside v. Collins*, 2012 U.S. Dist. Lexis 86669, at *2-4 (S.D. Ohio June 22, 2012) (internal citations omitted). *See also R&L Carriers, Inc. v. Pitt Ohio Express, Inc. (In re Bill of Lading Transmission & Processing Sys. Patent Litig.)*, 2011 U.S. Dist. Lexis 158800, at *13-14 (S.D. Ohio Nov. 7, 2011) ("Rule 56(d) does not authorize the non-movant to conduct a fishing expedition . . ."); *Penn, LLC v. Prosper Bus. Dev. Corp.*, 2013 U.S. Dist. Lexis 19985, at *12 (S.D. Ohio Feb. 14, 2013) ("Rule 56(d) does not shield parties who were dilatory in conducting the necessary discovery.").

In contravention of Rule 56(d), Plaintiff did not submit an affidavit or declaration in connection with his Motion to Extend, and his Motion to Extend should be denied on that basis alone. Even if the Court considers Plaintiff's Motion to Extend, however, it is clear that Plaintiff has not satisfied his burden of establishing that an additional, lengthy extension to conduct additional discovery is necessary in this case.

**A. Plaintiff's Motion to Extend Must Be Denied Because Plaintiff Has Not Identified Any Material Facts That May Be Uncovered By Additional Discovery.**

Here, Plaintiff's Motion to Extend must be denied for the simple reason that the discovery Plaintiff seeks to conduct has no bearing on the issues raised in DJJ's Motion for Summary Judgment. As described more thoroughly in DJJ's Motion for Summary Judgment, the claims Plaintiff has asserted in this case were compulsory counterclaims in the State Court Action. Because Plaintiff dismissed (or did not raise) them in that case, he is barred from doing so in this (or any other) subsequent case. No amount of discovery possibly could change this fact.

Furthermore, even if the Court were to decline to grant DJJ's Motion for Summary Judgment on that basis, Plaintiff's Motion to Extend must still be denied because Plaintiff has not asserted how these additional depositions are material to the other merit-based arguments raised in the pending and fully-dispositive, motion for summary judgment. Although Plaintiff claims to have talked to these individuals, there is no indication as to what they would say. Plaintiff hints that their testimony might "rebut Defendant's allegations that these individuals complained about him," but whether some of Plaintiff's former customers recall complaining about him in 2013 does not affect the many merit-based grounds upon which the motion for summary judgment is based. For example, their testimony is immaterial to and does not change that Plaintiff cannot show he had a serious health condition as required by the FMLA; cannot show that he ever gave DJJ notice of any intention to take FMLA leave or that he needed time off in connection with a serious health condition; cannot show that he was denied any requested leave; cannot show that he exercised any rights under the FMLA and cannot show that the decision-maker was aware of any medical condition or protected activity under the FMLA (each of which would be required to establish an FMLA claim). Their testimony also does not change

the undisputed fact that Angotti (the decision maker) did not even know that Plaintiff planned to obtain a protective order (as would be required to establish his wrongful discharge claim).

Indeed, the only possible use of the requested extensive, additional costly discovery (two years after this litigation was initiated and a year after the first motion for summary judgment was filed) is to try to attack what Plaintiff claims was only part of what led to his dismissal (Doc. 21, PAGE ID 428). But pretext is only relevant if Plaintiff can establish a *prima facie* case, which he cannot, and this asserted further discovery will not assist him in doing. Moreover, even if **some** of Plaintiff's former customers testified that they did not complain about his responsiveness, which there is no reason to believe they would, this testimony and their depositions do nothing to negate the other legitimate reasons that led Angotti to determine dismissal was appropriate, including the undisputed three days where Plaintiff no-called, no-showed (and failed to timely respond to his manager) and Plaintiff's charging of personal expenses to his company credit card and not paying off the balance (which was also the subject of the counterclaims). Creating an issue of fact (assuming Plaintiff could even do that) as to just part of what led to his dismissal is insufficient to establish pretext. *See Jones v. St. Jude Med. S.C., Inc.,* 504 Fed. Appx. 473, 477-78 (6th Cir. 2012) ("When an employer offers more than one independent, legitimate, non-discriminatory reason for an adverse employment action, even if one is found to be pretextual but at least one other is not, the defendant employer is still entitled to summary judgment."); *Smith v. Chrysler Corp.*, 155 F.3d 799, 809 (6th Cir. 1998). The proposed additional discovery is just a further costly delay tactic.

Because Plaintiff cannot establish even a *prima facie* case of any of his claims, there is no reason to allow Plaintiff additional time and opportunity to conduct a costly fishing expedition to

try to gather tangential and wholly speculative testimony to suggest that part of DJJ's proffered legitimate, non-retaliatory reason for his termination was pretext for unlawful conduct.

    **B.**   **Plaintiff Had Ample Opportunity To Conduct The Discovery He Now Seeks And Has Offered No Reasonable Explanation For His Failure To Do So**.

Moreover, Plaintiff's Motion to Extend should be denied for the additional reason that Plaintiff has offered no reasonable justification for his failure to conduct the discovery that he now alleges is necessary. *See Nalco Co,* 2015 U.S. Dist. Lexis 97597 at \*\*30-31 ("the non-movant must detail with specificity the additional discovery needed, what material facts may be uncovered, ***and why the information has not been previously discovered***.") (emphasis added). The parties litigated the State Court Action for over a year – including conducting extensive discovery – and Plaintiff never sought to depose any of his former customers, even after Mark Bonner (his direct supervisor) testified at deposition about eight specific customers from whom he had received complaints relating to Plaintiff.[2] Likewise, this action has been pending for approximately five months, and it was not until the eleventh hour – on the day his response to DJJ's Motion for Summary Judgment was due following his first requested extension – that Plaintiff raised the issue of this discovery for the first time.[3] Notably, Plaintiff's Motion to Extend offers *no* explanation for why such discovery was not done previously – particularly where Plaintiff deposed DJJ's witnesses more than a year ago and has long known the identities of the customers from which DJJ received complaints about Plaintiff, and has long known the bases for Defendant's motion for summary judgment as the present motion is the same on the

---

[2] Interestingly, Plaintiff seeks to depose only a handful of the eight customers that Bonner specifically identified as having complained to him about Plaintiff.

[3] And, as described above, Plaintiff did not allege in connection with his first request for an extension that he required time to do this (or any other) additional discovery.

merits of the wrongful discharge claim as it was when Defendant filed it in state court.[4]  Under these circumstances, Plaintiff should not be permitted to again delay resolution of this case in order to conduct time-consuming and expensive discovery that could have been completed earlier and which will not affect the ultimate resolution of Plaintiff's claims.  Plaintiff's Motion to Extend should be denied.

### III.    CONCLUSION

For all of the foregoing reasons, Defendant The David J. Joseph Company respectfully requests that the Court deny Plaintiff's Motion to Extend Time to Respond to Defendant's Motion for Summary Judgment.

Respectfully submitted,

*/s/ Patricia Anderson Pryor*
Patricia Anderson Pryor (0069545)
Jamie M. Goetz-Anderson (0083562)
Jackson Lewis P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, OH 45202
Telephone: (513) 898-0050
Facsimile:  (513) 898-0051
pryorp@jacksonlewis.com
jamie.goetz-anderson@jacksonlewis.com
*Counsel for Defendant*

---

[4] Similar to here, rather than responding to the dispositive motion in the State Court Action, Plaintiff responded by delaying the action and dismissed his claims.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was electronically filed on January 20, 2016, with the Court's CM/EFS system and such system will send electronic notice to counsel of record.

/s/ Patricia Anderson Pryor
Patricia Anderson Pryor

4850-8062-1100, v.  2