IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| NATHAN HICE, | Case No. 1:15-cv-534 |
| Plaintiff, | Judge Matthew W. McFarland |
| v. | |
| THE DAVID J. JOSEPH COMPANY, | |
| Defendant. | |

**ORDER GRANTING NON-PARTY'S MOTION TO REDACT (DOC. 51)**

In April 2016, the Court granted Defendant David J. Joseph Company's Motion for Summary Judgment ("MSJ Order") and dismissed Plaintiff Nathan Hice's Complaint with prejudice. (Doc. 46.) On February 3, 2020, non-party Sarah Jahnke filed the present Motion to Redact or Conceal Non-Party Identity from Order (Doc. 51). The Court requested Ms. Jahnke to file a supplement to her motion, which she filed on February 28, 2020. (Doc. 53). Ms. Jahnke's request is simple: redact her full name from the now almost four-year-old MSJ Order. (Doc. 53.)

The Sixth Circuit Court of Appeals has held that a party seeking to seal or redact records has the heavy burden of overcoming the "strong presumption in favor of openness." *Shane Grpt., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016) (*citing Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983)). "To meet this burden, the party must show the following: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing

the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 267 F. App'x 635, 637 (6th Cir. 2019). Here, Ms. Jahnke has met each requirement necessary to overcome the strong presumption of openness.

First, Ms. Jahnke has demonstrated a compelling interest in redacting her name from the Order. (*See* Doc. 53, p. 2-3.) Generally, the Sixth Circuit only recognizes "trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence" as compelling enough reasons to overcome this presumption. *Shane Grpt.*, 825 F.3d at 305. But the Sixth Circuit has also mentioned third-party privacy as a compelling interest. *Id.* at 305 ("[T]he privacy interest of innocent third parties should weigh heavily in a court's balancing equation.").

As an innocent third-party, Ms. Jahnke's privacy interests are compelling. The MSJ Order contains private details of embarrassing events surrounding the termination of a romantic relationship between the Plaintiff and Ms. Jahnke. (Doc. 46.) As a non-party to the suit, Ms. Jahnke did not have the opportunity to explain or dispute the version of events that was publicized. Yet Ms. Jahnke's name (and all the accompanying intimate details of her prior relationship) is attached to the MSJ Order as a searchable term. In fact, when "Sarah Jahnke Cincinnati" is searched on Google, the MSJ Order is the second link that appears. The publication of such private and embarrassing details could certainly affect Ms. Jahnke's future employment opportunities and her reputation in the community. (*See* Doc. 53, p. 2.)

Second, Ms. Jahnke has demonstrated that her interest in sealing outweighs the public's interest in accessing her name. The Sixth Circuit has said that "the greater the

2

public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 305. It rationally follows that the inverse is true, too: the lesser the public interest in the litigation's subject matter, the lesser the showing necessary to overcome the presumption of access. Here, Ms. Jahnke's full identity is entirely irrelevant to the Court's analysis. (*See* Doc. 46.) The underlying action alleged a violation of the Family Medical Leave Act and wrongful discharge by Defendant David J. Joseph Company. (Doc. 1.) But Ms. Jahnke was not even employed by the David J. Joseph Company. Her only relation to the matter was that she dated the Plaintiff and was a sister-in-law to the Plaintiff's boss. (Doc. 53.) Moreover, the Hamilton County Court of Common Pleas has already ordered that the civil protection order, the only other record related to the romantic relationship between the Plaintiff and Ms. Jahnke, be expunged. (Doc. 51-2.) Ms. Jahnke's interest in redacting her name thus outweighs the public's interest in knowing her name, especially since the MSJ Order was published almost four years ago.

Third, Ms. Jahnke's request is narrowly tailored. Ms. Jahnke's is not requesting that the entire MSJ Order be sealed. All she is asking is that her name—which only appears 20 times in the 22-page MSJ Order—be redacted.

Accordingly, Ms. Jahnke has overcome the strong presumption of openness: (1) she has a compelling privacy interest as a third-party in keeping her name from being associated with the details of a failed romantic relationship; (2) the public only has an inherent interest in this litigation and has no interest in Ms. Jahnke's full identity; and (3) her request for redaction is appropriately tailored to the public's interest because the

redaction would not affect the public's understanding of the Court's analysis.

For these reasons, non-party Sarah Jahnke's Motion to Redact or Conceal Non-Party Identity from Order (Doc. 51) is hereby **GRANTED**. The Clerk of Courts is directed to restrict Doc. 51 and file a *nunc pro tunc* Redacted Order that will be provided by the Court.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *[signature]*
JUDGE MATTHEW W. McFARLAND
